UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PEDRO DAVID BALTAZAR
TERCERO,

        Petitioner,

    v.

SUPERINTENDENT, BUFFALO
FEDERAL DETENTION FACILITY, *et
al.*,

        Respondents.

_____

**DECISION AND ORDER**

26-CV-00694-MAV

## INTRODUCTION

Petitioner Pedro David Baltazar Tercero is a civil immigration detainee currently held at the Buffalo Federal Detention Facility ("BFDF") who, after his transfer to the BFDF from Massachusetts, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Respondents filed a motion to dismiss, ECF No. 5, in response to the Court's Order to Show Cause, ECF No. 2. Petitioner filed a reply. ECF No. 6. For the reasons that follow, Respondents' motion to dismiss is granted, and the petition is dismissed without prejudice.

## BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States without inspection on about August 22, 2015, and was shortly thereafter encountered by Immigration and Customs Enforcement ("ICE"). ECF No. 5-3 at ¶ 5. Because Petitioner was encountered within 100 miles of the border and 14 days of entry, he

was subject to expedited removal. *Id.* at ¶¶ 5–7; *see* 8 U.S.C. § 1225(b)(1)(A)(iii). On August 22, 2025, Petitioner was issued a Notice and Order of Expedited Removal, ordering him removed pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") (the "Prior Order"). ECF No. 5-3 at ¶ 7; *see* ECF No. 1 at ¶ 21. Petitioner was removed from the United States on August 26, 2015. ECF No. 5-3 at ¶ 7.

At some point before the end of 2015, Petitioner re-entered the United States without inspection or authorization. *See* ECF No. 1 at 20–22; ECF No. 5-3 at ¶ 8. For approximately the next 10 years, Petitioner lived and worked in Massachusetts with his wife and child and accumulated no criminal history. *See* ECF No. 1 at 22. ICE encountered Petitioner on September 17, 2025, at which point he was taken into custody and transferred to the BFDF. *Id.* at ¶¶ 23–24; ECF No. 5-3 at ¶ 9. On the day he was encountered in 2025, ICE served Petitioner with Form I-871, Notice of Intent/Decision to Reinstate Prior Order, advising him that ICE had determined he was subject to removal through reinstatement of the Prior Order pursuant to Section 241(a)(5) of the INA. ECF No. 5-3 at ¶ 10; *see* 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8.

On September 23, 2025, a Record of Sworn Statement was completed for Petitioner in which he expressed fear of return to his country of origin. ECF No. 5-3 at ¶ 11. On October 15, an asylum officer conducted a reasonable fear interview and found that Petitioner had not established a reasonable fear of persecution or torture if returned to Guatemala. *Id.* at ¶ 12; *see* 8 U.S.C. § 1225(b)(1)(B). At Petitioner's request, an immigration judge reviewed the negative reasonable fear finding on

2

October 24 and concluded that Petitioner had established a reasonable possibility of persecution or torture. *Id.* at ¶ 13. Petitioner was accordingly placed into withholding-only proceedings before the immigration court. *Id.*; *see* 8 U.S.C. § 1231(b)(3). On December 18, 2025, an immigration judge denied Petitioner's request for withholding or deferral of removal. ECF No. 5-3 at ¶ 15. Petitioner filed a timely appeal thereof to the Board of Immigration Appeals ("BIA"). *Id.* That appeal remains pending. *See id.*; ECF No. 6 at 2.

Petitioner filed the instant petition on April 8, 2026, just shy of seven months since he was detained in 2025. ECF No. 1. He raises one claim for relief, seemingly based on two theories: that his continued detention violates his due process rights because (1) his detention has become unreasonably prolonged, and (2) Respondents have failed to provide him with an adequate post-order custody review ("POCR") as required by 8 C.F.R. § 241.4. *See* ECF No. 1 at 6–9 (primarily citing *Black v. Decker*, 103 F.4th 133 (2d Cir. 2024) and *Mathews v. Eldridge*, 424 U.S. 319 (1976) in support thereof). Petitioner seeks his immediate release, or in the alternative, "a bail hearing before this Court." *Id.* at 9.

Respondents filed a motion to dismiss, ECF Nos. 5, 5-1, on April 28, 2026, along with the declaration of an ICE Deportation Officer, ECF No. 5-3, supporting exhibits, ECF No. 5-4, and a copy of a panel recommendation after completion of a post-order custody interview regarding Petitioner's continued detention, dated April 16, 2026, and citing 8 C.F.R. § 241.4(i), ECF No. 5-2. Respondents argue that dismissal of the petition is warranted because Petitioner is detained pursuant to 8 U.S.C. § 1231 and

has failed to make any argument to sustain his initial burden of showing that there is "'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" ECF No. 5-1 at 7 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001)); *see id.* at 8–14. Respondents further argue that Petitioner's argument based on the failure to provide a § 241.4 POCR is moot because ICE has since "interviewed him for the post-order custody review and a decision to deny release is pending with ICE Headquarters Removal Division." *Id.* at 14–15. Respondents also contend that "[h]ad ICE not provided a post-order custody review at all, the remedy would be to order one—not to release Petitioner from detention." *Id.* at 14.

With respect to his POCR-based theory of relief, Petitioner argues in reply that "Respondents[] have failed to comply with their constitutional requirements such that the failure cannot be cured" with an after-the-fact POCR and, even if it could be, the POCR that was conducted did not comply with the requirements of 8 C.F.R. § 241.4. ECF No. 1–3. As to his initial burden under *Zadvydas*, Petitioner replies that, "in light of the individualized facts of Petitioner's case, there is a clear risk of detention with no definite end in sight" because he cannot be removed while his withholding-only proceedings are pending, the BIA has taken no action on his appeal since January 2026, and neither Respondents "nor Petitioner can provide any insight as to when the case will be adjudicated." *Id.* at 4.

## LEGAL STANDARD

"'A motion to dismiss a habeas petition is reviewed under the same standard as a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6).'" *Petrova v. U.S. Dep't of Homeland Sec.*, No. 2:25-CV-00240, 2025 WL 2772764, at *10 (D. Vt. Sept. 26, 2025) (quoting *Pittman v. Cook*, 2020 WL 2840256, at *3 (D. Conn. June 1, 2020)). To survive a motion to dismiss under Rule 12(b)(6), the petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In ruling on a motion to dismiss, even in a habeas context, a court "'may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken.'" *Tripathy v. Schneider*, 473 F. Supp. 3d 220, 226 (W.D.N.Y. 2020) (quoting *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)). Under Rule 201 of the Federal Rules of Evidence, the Court may, on its own, take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[1] Fed. R. Evid. 201(b)(2).

---

[1] Here, the Court takes judicial notice of the facts stated in the declaration of Deportation Officer Trevor Secore as supported by exhibits of documents referenced therein. *See* ECF No. 5-3, 5-4. Petitioner does not dispute any facts stated by Officer Secore. *See* ECF No. 6.

## DISCUSSION

### I.    Jurisdiction

28 U.S.C. § 2241(c)(3) authorizes federal courts to grant habeas relief to prisoners or detainees who are "in custody in violation of the Constitution or laws or treaties of the United States." Federal courts retain jurisdiction under § 2241 to review purely legal statutory and constitutional claims regarding the government's detention authority, but jurisdiction does not extend to "discretionary judgment," "action," or "decision" by the Attorney General with respect to either detention or removal. *Da Cunha v. Freden*, No. 25-CV-6532-MAV, 2025 WL 3280575, at *1 (W.D.N.Y. Nov. 25, 2025), *aff'd sub nom. Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018)); *see Zadvydas*, 533 U.S. at 688 (holding that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention" in immigration cases).

There is no dispute over the Court's jurisdiction to address the pending petition.

### II.    Alleged Due Process Violation Based on "Unreasonably Prolonged" Detention

In *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021), the Supreme Court determined that an individual subject to a reinstated order of removal who is in withholding-only proceedings is detained pursuant to 8 U.S.C. § 1231, which governs detention of individuals subject to a final order of removal. *Lojo v. Garland*, No. 6:22-CV-06340 EAW, 2023 WL 2867791, at *3 (W.D.N.Y. Apr. 10, 2023) (citing *Guzman*

*Chavez*, 594 U.S. at 2291); *see* 8 U.S.C. § 1231(a)(5) ("If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry."). Here, Petitioner was placed in withholding of removal-only proceedings after a prior order of removal was reinstated. *See* ECF No. 5-3 at ¶¶ 7–13; ECF No. 1 at ¶¶ 21–25. Accordingly, *Guzman Chavez* makes clear that Petitioner's detention is governed by § 1231, because "an alien's initiation of withholding-only proceedings does not render non-final an otherwise 'administratively final' reinstated order of removal." *Guzman Chavez*, 594 U.S. at 540; *see also* ECF No. 1 at ¶ 34 (Petitioner acknowledging he "is detained under an administratively final order of removal despite the pendency of withholding-only proceedings," and citing *Guzman Chavez* for the same).

Section 1231 being the statutory authority governing Petitioner's current detention, the Supreme Court's opinion in *Zadvydas* drives the Court's analysis. Petitioner appears to acknowledge the applicability of *Zadvydas*, *see* ECF No. 1 at 6–7, for example, stating "[i]n order for such prolonged detention to pass constitutional muster, the Government must demonstrate a significant likelihood of removal in the reasonably foreseeable future," *id.* at 7. However, rather than engage with *Zadvydas*, Petitioner goes on to discuss that under the Second Circuit's *Black v. Decker* decision, "due process challenges to a noncitizen's prolonged detention should be reviewed, on

a case by case basis, under the framework outlined by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976)." *Id.* at 7. Petitioner does not attempt to reconcile these legal standards or clarify how they are meant to apply to his non-specific[2] "due process" claim, nor does Petitioner cite any case in which the *Mathews* balancing test supplanted or augmented the *Zadvydas* legal standard. *See id.* at 6–9. The Court declines to discuss any potential overlay of these principles *sua sponte*.

Returning to the *Zadvydas* framework, although § 1231 authorizes mandatory detention of noncitizens who have been found to be unlawfully present in the United States and have a final order of removal entered against them both during the 90-day statutory "removal period" and continuing afterwards, *see* 8 U.S.C. §§ 1231(a)(1), (a)(6), the Supreme Court read "an implicit limitation into" § 1231(a)(6), holding that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention," *Zadvydas*, 533 U.S. at 689. The Supreme Court further adopted a six-month "presumptively reasonable period of detention," and instructed that "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701; *see also Wang v. Ashcroft*, 320 F.3d 130, 146 (2d Cir. 2003) ("The [*Zadvydas*] Court stated that detention is

---

[2] For example, by failing to articulate whether his claim is one for substantive due process, procedural due process, or both.

presumptively reasonable for six months following a final removal order, and that, after the first six months, detention violates § 241 if (1) an alien demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future and (2) the government is unable to rebut this showing.").

As relevant to Petitioner's initial burden under *Zadvydas* after expiration of the presumptively reasonable detention period, "[i]n analyzing the likelihood of removal, courts consider a variety of factors, including the existence of a repatriation agreement with the target country, the target country's prior record of accepting removed aliens, and specific assurances from the target country regarding its willingness to accept an alien." *Lojo*, 2023 WL 2867791, at *4. (quotation omitted). Further, what constitutes the 'reasonably foreseeable future' will depend on the length of detention. *Id.*; *see Zadvydas*, 533 U.S. at 701 ("[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.").

Here, Petitioner has not satisfied his initial burden. Petitioner has come forward with no evidence to suggest that he cannot be swiftly removed upon the conclusion of his withholding-only proceedings assuming he is not successful thereon. As Respondents have set forth, "ICE has already removed Petitioner before and remains posed to do so again once his appeal of the denial of withholding of removal is dismissed by the BIA" assuming it is so dismissed. ECF No. 5-1 at 9. If the BIA rejects Petitioner's appeal, Respondents note that "ICE conducts removal flights to Guatemala multiple times a week." ECF No. 5-1 at 3. Respondents aver that "the only

reason Petitioner has not been removed is the pendency of his appeal" to the BIA and that "ICE intends to promptly remove Petitioner to Guatemala" if his BIA appeal is dismissed. ECF No. 5-1 at 3, 9; *see Lojo*, 2023 WL 2867791, at *4 ("The only impediment to removal is the withholding-only proceedings themselves[.]").

Other district judges within the Second Circuit have held in similar circumstances that "'a noncitizen's use of the American judicial process, to the extent it delays removal, does not warrant release under *Zadvydas*.'" *Lojo*, 2023 WL 2867791, at *4 (Wolford, C.J.) (quoting *Portillo v. Decker*, No. 21 CIV. 9506 (PAE), 2022 WL 826941, at *5 (S.D.N.Y. Mar. 18, 2022)). Although Petitioner is correct that such decisions are not controlling, the Court finds such reasoning persusaive and recognizes the "clear weight of authority" from other Circuit Courts of Appeal, agreeing that detention under § 1231 during the pendency of withholding-only proceedings is "simply not the type of indefinite and potentially permanent detention at issue in *Zadvydas*." *Castaneda v. Perry*, 95 F.4th 750, 757, 759 (4th Cir. 2024) (affirming dismissal of § 2241 petition under *Zadvydas* where pending withholding-only proceedings were the impediment to removal and because withholding-only proceedings "have a definite ending point, then so too must the detention pending the resolution of those proceedings"); *see G.P. v. Garland*, 103 F.4th 898, 902–03 (1st Cir. 2024); *Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir. 2020); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008); *Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004).

In sum, Petitioner has not demonstrated that his detention since September 2025 under 8 U.S.C. § 1231 warrants relief under *Zadvydas*.

### III.    Alleged Due Process Violation Based on Failure to Adhere to 8 C.F.R. § 241.4

Petitioner also alleges he is entitled to immediate release or a "bail" hearing before this Court because "ICE failed to conduct any post-order custody review of [him] after he spent 180 days in custody under an administratively final order of removal." ECF No. 1 at 5. Respondents contend that this argument is moot because, on April 15, 2026, an ICE panel conducted an interview of the Petitioner as part of the post-order custody review process. The panel recommended continued detention based on its determination "that there is a significant likelihood of removal again in the foreseeable future . . . ." ECF No. 5-1 at 4, 14–15; *see* ECF No. 5-2 (panel recommendation).

Pursuant to regulations codified at 8 C.F.R. § 241.4, ICE recurrently reviews whether to continue to detain a noncitizen who has been ordered removed and may be detained beyond the initial 90-day removal period under Section 1231(a)(6). *See* 8 C.F.R. §§ 241.4(a), 241.4(k). Specifically, these regulations provide for a POCR—post-order custody review—first, "[p]rior to the expiration of the removal period," again about three months later, and, thereafter, annually or based on a material change in circumstance. 8 C.F.R. §§ 241.4(k)(1)–(2). "In such reviews, ICE makes a discretionary decision whether continued detention is justified, based on numerous factors." *Portillo*, 2022 WL 826941, at *4; *see* 8 C.F.R. §§ 241.4(d)(1) (ICE "may release an alien" who satisfies certain criteria), 241.4(f); *see also Lim v. Arteta*, No. 1:26-cv-

11

00461 (JLR), 2026 WL 192490, at *1 (S.D.N.Y. Jan. 26, 2026) (noting that a noncitizen subject to detention under Section 1231 is "released at ICE's discretion"). "The regulations also provide that there is no appeal from an ICE custody review." *Callender v. Shanahan*, 281 F. Supp. 3d 428, 434 (S.D.N.Y. 2017); *accord* 8 C.F.R. § 241.4(d).

Under these regulations, a noncitizen who may be detained under Section 1231(a)(6) has the burden to show that ICE should nonetheless exercise its discretion to release him pending his removal. *See* 8 C.F.R. § 241.4(d)(1). Specifically, the noncitizen must "demonstrate[ ] to the satisfaction of" ICE that his "release will not pose a danger to the community or to the safety of other persons or to property or a significant risk of flight pending [his] removal from the United States." *Id.* at § 241.4(d)(1); *see also id.* at § 241.1(e) (explaining that, "[b]efore making any recommendation or decision to release a detainee," the agency decisionmaker "must conclude" that, among other factors, the alien is "not likely to pose a threat to the community," "not likely to violate the conditions of release; and ... does not pose a significant flight risk"). The regulations direct ICE to weigh a number of factors, including but not limited to, any disciplinary infractions while in ICE custody, the detainee's criminal history, mental health, ties to the United States, and the likelihood the detainee is a significant flight risk or may abscond to avoid removal. *Id.* at § 241.1(f). Before conducting a POCR, ICE must provide notice to the noncitizen and to a representative who has filed a "Form G–28, Notice of Entry of Appearance as Attorney or Representative" with ICE. *Id.* at §§ 241.4(d)(2), 241.4(d)(3), 214.4(h)(2).

The noncitizen or his representative "may submit information in writing in support of his . . . release." *Id.* at § 214.4(h)(2).17

After the interview, a panel makes a recommendation regarding custody under the POCR process. *Id.* at § 241.4(i). In doing so, the panel must "issue a written recommendation that the alien be released or remain in custody pending removal or further review," which "shall include a brief statement of the factors that the Review Panel deems material to its recommendation." *Id.* at § 241.4(i)(5). The panel's recommendation is thereafter reviewed by the Executive Associate Commissioner, who is not bound by the panel's recommendation and who issues a final determination. *Id.* at § 241.4(i)(6). The Executive Associate Commissioner's "review will include but is not limited to consideration of the factors described in paragraph (f)" previously referenced. *Id.*

Without citation or legal argument, Petitioner alleges that "[v]iolating 8 C.F.R. § 241.4 presents a Due Process issue in and of itself," and that by failing to conduct a timely POCR—and by conducting a belated POCR that did not comply with federal regulations—Respondents "have failed to comply with their constitutional requirements such that the failure cannot be cured" short of release from custody. *See* ECF No. 6 at 1, 3. Petitioner does not make any other argument in support of his claim that release is required due to noncompliance with these regulations either in his original petition or in his opposition to Respondents' motion to dismiss. *See* ECF Nos. 1, 6.

The Court is not inclined to construe the POCR process as set forth in 8 C.F.R. § 241.4—involving multi-factored tests, an interview, a panel review, a final determination, etc., at specified intervals—as *per se* coterminous with the *minimum* procedural due process that is protected by the Constitution particularly absent legal argument from Petitioner. *Cf. Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 165 n.26 (W.D.N.Y. 2025) (noting, "[i]t is true that not every violation of an agency's rules necessarily requires a wholesale redoing of the agency action," but where "[t]here can be little argument that ICE's requirement [in 8 C.F.R. § 241.4(l)] that noncitizens be afforded an informal interview—arguably the most bare-bones form of an opportunity to be heard—derives from the fundamental constitutional guarantee of due process."). Petitioner has not demonstrated an entitlement to release or a "bail" hearing based on the stated violations of 8 U.S.C. § 241.4.

## CONCLUSION

For the forgoing reasons, Petitioner has not set forth a basis to warrant the requested relief on his § 2241 petition. The Court finds that no evidentiary hearing is required in this matter. Respondents' motion to dismiss is granted for failure to state a claim, and the petition is dismissed without prejudice.

## ORDER

IT IS HEREBY ORDERED that Respondents' motion to dismiss, ECF No. 5, is GRANTED; and it is further

ORDERED that the petition, ECF No. 1, is DISMISSED WITHOUT PREJUDICE; and it is further

14

ORDERED that the Clerk of Court shall enter judgment in favor of Respondents and close this case.

SO ORDERED.

Dated:    *July 24*    , 2026
          Rochester, New York

                                            *Meredith Vacca*
                                            HON. MEREDITH A. VACCA
                                            UNITED STATES DISTRICT JUDGE